UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ERIC WESTRY,
    *Plaintiff*,

v.

CITY OF WATERBURY, et al.,
    *Defendants*.

No. 3:22cv686 (MPS)

**INITIAL REVIEW ORDER**

Plaintiff Eric Westry, who is self-represented, commenced this action under 42 U.S.C. § 1983 against the City of Waterbury and various police officers arising out of custody issues concerning his daughter. ECF No. 1. Magistrate Judge Richardson reviewed the complaint under 28 U.S.C. § 1915(e)(2)(B), granted the Plaintiff's motion to proceed *in forma pauperis* based on his financial information, and issued a recommended ruling as to the merits of the claims. ECF No. 9. Westry responded by filing an Amended Complaint. ECF No. 10. He later filed a motion for leave to file a Second Amended Complaint. ECF No. 11. In the proposed Second Amended Complaint, Westry names as defendants: the City of Waterbury, "Waterbury Police", Michael Ponzillo, A. Sanchez, Connor Ahearn, Lott, Costanzo, Aguila, Flaherty, Rodriguez, Rose, Mark Cosmo Badge #694, Inspector Pelosi, City of Meriden, and "Meriden Police." ECF No. 11-1. The motion for leave to file an amended complaint is granted. The Clerk shall docket ECF No. 11-1 as the operative complaint. However, for the reasons stated below, certain of the claims and defendants are dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

I.     **FACTUAL ALLEGATIONS**

The Court does not include all the allegations from the second amended complaint but summarizes the facts to provide context for this initial review. The police "[c]alculated and planned" with Westry's ex-wife to execute a "public arrest" of Westry on October 11, 2019 "by

Cheshire police" "at the behest of Waterbury police" under a "fraudulent warrant application predicated on fallacious, doctored 'victims' statements." ECF No. 11-1 ¶ 1. While in police custody, Westry "clearly stated" that he was "under a physician's care for hypertension and gout." *Id.* ¶ 2. From October 11-15, 2019, unnamed officers denied or ignored Westry's requests for medication, which resulted in his transport to the hospital for treatment. *Id.* ¶ 3. "The entire Waterbury Police Staff starting with A. Sanchez ignored the plaintiff's pleas for medical assistance." *Id.* ¶ 17.

Since 2016, "the defendant" has "engaged in disparate treatment against the Plaintiff for the benefit of his child[']s mother." *Id.* ¶ 4. "[P]olice, state's attorneys - among other bad actors - have ignored disclosures - videos and officer Lott's in-person questioning - in view of an entire family with the participation of officers Aguila and [] Costanza." *Id.* "Aguila and Costanza ignored the plaintiff's complaint against his ex-wife." *Id.* "Lott passed on information inconsistent with evidence to detective Donnelly." *Id.* "The state's attorney's office ignored the extensive plethora of probative, dispositive evidence of abuse" of Westry's daughter by his ex-wife. *Id.* "Defendants" directed his ex-wife not to comply with court orders. *Id.* ¶ 5.

Officer Rose inflicted excessive force on Westry on October 17, 2020, resulting in a supraspinatus tear. *Id.* ¶ 6. Rose also falsely arrested Westry. *Id.* ¶¶ 6, 12(h).

On October 31, 2020, Westry brought his daughter to the hospital and told hospital staff and police, including Officer Ahearn, that his "child witnessed domestic violence at her mother's home with her new husband who already committed harmful acts reported by the plaintiff to judicial and a corrupt department of children and families - already in violation of related court violations against the plaintiff and his daughter." *Id.* ¶ 7. Also on October 31, 2020, Officer Ahearn entered Westry's apartment illegally. *Id.* Westry told Ahearn his concerns about his

daughter's wellbeing.  *Id.*  Ahearn "lied in [the] police report and trivialized plaintiff's complaints." *Id.*

"After [Westry] complain[ed] of all of the violations with impunity by his former wife['s] criminality and illegality with impunity and disparate treatment by the police, Officer James DiFilippis respond[ed], "Is your ex white?'"  *Id.* ¶ 8.

On July 12, 2021, Officers Rodriguez and Flaherty "threatened arrest if [Westry] didn't allow them to question [his] minor child alone without her parent and to force [Westry] under threat of arrest to surrender [his] rights not to speak to them[.]"  *Id.* ¶ 9.

Waterbury police officer Mark Cosmo "fail[ed] to assist with reasonable and evidence of the plaintiff's missing daughter, disparate treatment from over a year of weekly police reports in the presence of exigent circumstances."  *Id.* ¶ 10.

Meriden police officer Janborough, who is not named in the caption as a defendant, "fail[ed] to assist with reasonable and evidence of the plaintiff's missing daughter." *Id.* ¶ 11. Nonparties George Clement and Hadvab "refus[ed] to investigate and charge assault or about of the plaintiff's daughter" and "officer Hadvab's abuse and harassment on the same matter."[1]  *Id.*

"City of Waterbury: Disparate treatment, indifference to medical treatment, unlawful entry, and excessive force is prevalent and permitted by the municipal policy, past practices.  Policy has been expressed by officers under oath that is applied differently to Blacks and Whites (e.g. the Black plaintiff and his White ex-wife; brutality to this Black plaintiff and encouraged unlawful entry – Connor Ahearn stated that his supervisor said he must make contact inside my apartment). Officer Ahearn is recorded breaking the law."  *Id.* ¶ 18.

---

[1] Because none of these individuals are identified in the caption, any claims against them are dismissed.  *See* Fed. R. Civ. P. 10(a) .

The "defendant subjected the plaintiff to an unprecedented pattern of abuse, causing irreparable, permanent, financial, physical, reputation damage and emotional distress and excessive force in violation of the Fourth Amendment to the United States Constitution as enforced by Sections 1983 and 1988 of Title 42 of the United States Code and Fourteenth Amendment Equal protection, Eighth and Fifth Amendments cruel and unusual punishments, of procedural and substantive due process rights secured by the Constitution of the United States." ECF No. 11-1 at page 6.

## II.   LEGAL STANDARD

Because Westry is proceeding *in forma pauperis*, the Court reviews the Second Amended Complaint under 28 U.S.C. § 1915(e)(2)(B), which authorizes dismissal if a complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The "district court retains the authority - and indeed the duty - to *sua sponte* review the pleading sufficiency of [an] amended complaint." *Torres v. Connection, Inc.*, No. 3:22CV883(SALM), 2023 WL 2477502, at *2 (D. Conn. Mar. 13, 2023) (internal quotation marks and citation omitted).

Although detailed allegations are not required, a complaint must include sufficient facts to afford a defendant fair notice of the claims and to demonstrate a right to relief. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint that merely tenders naked assertions devoid of further factual enhancement fails to meet this standard … as do unadorned, the-defendant-unlawfully-harmed-me accusation[s][.]" *Darby v.*

*Greenman*, 14 F.4th 124, 127 (2d Cir. 2021)(internal quotation marks and citations omitted). In reviewing a *pro se* complaint, the Court must assume the truth of the allegations and interpret them liberally to raise the strongest arguments they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010). "Notwithstanding the rule of liberal interpretation, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard." *Conquistador v. Corcella*, No. 3:22CV992 (JAM), 2023 WL 3006806, at *1 (D. Conn. Apr. 19, 2023). "Although [the Court] afford[s] a *pro se* litigant a certain degree of latitude in the sufficiency of his factual allegations, a liberal interpretation of a *pro se* civil rights complaint may not supply essential elements of the claim that were not initially pled." *Darby*, 14 F.4th at 130 (internal quotation marks and citation omitted).

### III. DISCUSSION

**False Arrest**

Westry appears to assert a claim of false arrest as to his arrest on October 11, 2019. ECF No. 11-1 ¶ 1. But he does not allege any relevant facts, including the crime(s) with which he was charged or who the arresting officers were. To state a claim under section 1983, a plaintiff must allege facts showing that the defendant, a person acting under color of state law, deprived him of a federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982). A plaintiff seeking monetary damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir. 1991))).

Nor can he assert this claim against "Waterbury Police," which he names as a defendant in the case caption, because "a municipal police department … is not a municipality. Rather, it is a sub-unit or agency of the municipal government through which the municipality fulfills its policing function." *Reed v. Hartford Police Dep't*, No. 3:03CV2147 (SRU), 2004 WL 813028, at *2 (D. Conn. Apr. 6, 2004) (citation omitted). Because a municipal police department is not an independent governmental entity, it is not considered to be a person under section 1983. *Id.* As was previously explained in the Recommended Ruling, see ECF No. 9 at 12, this means Westry cannot sue a police department.

Even if Westry had named a proper defendant, it appears that his false arrest claim would still fail. A plaintiff bringing a false arrest or false imprisonment claim under Connecticut law must have had the underlying charges terminated in his or her favor. *Miles v. City of Hartford*, 445 Fed. App'x 379, 383 (2d Cir. 2011). According to the Connecticut Judicial Website, the October 2019 charges remain pending. *See State v. Westry*, Docket No. U04W-CR19-0486711-S.[2] This claim is dismissed.

Westry also alleges that Officer Rose falsely arrested him on October 17, 2020. ECF No. 11-1 ¶ 6. Aside from this conclusory allegation, he does not allege any facts. Again, according to the Connecticut Judicial Website, these charges remain pending. *See State v. Westry*, Docket No. U04W-CR20-0492156-S. This claim is dismissed.

**Denial of Medical Care**

Westry also alleges that he was denied medical treatment after his arrest while a pretrial detainee.

---

[2] Information pertaining to this criminal case may be found at:
https://www.jud2.ct.gov/crdockets/parm1.aspx (Last visited May 2, 2023). The Court may take judicial notice of information on the Connecticut Judicial Branch's website.

A pretrial detainee may bring a claim for deliberate indifference to serious medical needs under the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). "To state such a claim, a plaintiff must plead facts showing that [he] had a serious medical condition and that it was met with deliberate indifference." *Bruno v. City of Schenectady*, 727 Fed. App'x 717, 720 (2d Cir. 2018) (citation and quotation marks omitted). A "serious medical condition" is one that "is, in objective terms, sufficiently serious - that is, the prisoner must prove that his medical need was a condition of urgency, one that may produce death, degeneration, or extreme pain." *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (citations and quotation marks omitted). If a plaintiff establishes that he had a serious medical need, the plaintiff must next show that a particular defendant was deliberately indifferent to that need. *See Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019). "[A] detainee asserting a Fourteenth Amendment claim for deliberate indifference to his medical needs can allege either that the defendants knew that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants should have known that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." *Id.* at 87. "[A] plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution.... The violation must be established against the supervisory official directly." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (citation and quotation marks omitted).

Westry has not alleged the involvement of any named defendant in this alleged deprivation. Accordingly, he has not alleged a plausible constitutional claim. This claim is dismissed.

**Excessive Force**

Westry alleges that Officer Rose used excessive force against him on October 17, 2020. ECF No. 11-1 ¶ 6.

7

Whether police officers' use of force is "excessive" depends on "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "[T]he right to make an arrest or an investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it," and thus "determining whether the amount of force an officer used is reasonable 'requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Cugini v. City of New York*, 941 F.3d 604, 612 (2d Cir. 2019) (quoting *Graham*, 490 U.S. at 396). A court must give "careful attention to the facts and circumstances of each particular case," including (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers or others," and (3) "whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.

Westry does not allege any facts in support of his claim. He simply asserts that Rose used excessive force and that Westry was injured. ECF No. 11-1 ¶ 6. This conclusory assertion fails to state a plausible claim of excessive force. *See, e.g., Santiago v. City of New York*, 697 Fed. App'x 36 (2d Cir. 2017) ("we agree with the District Court that Santiago's advancement of only conclusory allegations about the alleged assault requires dismissal of his complaint for failure to plead enough facts to state a claim to relief that is plausible on its face"); *Baisden v. City of Hartford*, No. 3:20-CV-398 (JAM), 2020 WL 3963945, at *2 (D. Conn. July 13, 2020) (Plaintiff failed to state a plausible claim of excessive force where he "alleged simply that he was assaulted and severely injured"); *Schiff v. Stevens*, No. 15CV3598, 2017 WL 65432, at *7 (E.D.N.Y. Jan. 6, 2017) ("plaintiff's conclusory claim of excessive force does not allow the Court to determine

8

whether a plausible claim exists under the applicable standard and, therefore, must be dismissed"); *Smith v. Rock*, 2012 WL 929853, at *5 (N.D.N.Y. Feb. 17, 2012) (plaintiff failed to state an excessive force claim where he alleged "the names of defendants, and the date and place" of incident but not the factual "specifics" about the defendant's alleged actions). This claim is dismissed.

### Unlawful Entry

Westry alleges that Officer Ahearn entered his apartment illegally on October 31, 2020. ECF No. 11-1 ¶ 7.

"[W]arrants are generally required to search a person's home...." *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006). For a "warrantless entry of a home to be rendered reasonable . . . it must meet an exception to the warrant requirement." *Chamberlain v. City of White Plains*, 960 F.3d 100, 105 (2d Cir. 2020) (internal quotation marks omitted). Westry has alleged a plausible Fourth Amendment claim, which can proceed to service.

### Failure to Investigate

Westry alleges that the police did not assist him and did not investigate his complaints that his ex-wife was in violation of court orders or his concerns about his child's welfare.

Failure to investigate is not a cognizable claim. *Conquistador v. City of Hartford*, No. 3:15CV1618(MPS), 2017 WL 5179229, at *3 (D. Conn. Nov. 8, 2017). *See also Grega v. Pettengill*, 123 F. Supp. 3d 517, 536–37 (D. Vt. 2015) ("[D]istrict courts in this circuit have consistently declined to recognize a claim of 'failure to investigate' as a violation of due process giving rise to a damages action.") (collecting cases). This is because "the duty to investigate criminal acts (or possible criminal acts) almost always involves a significant level of law enforcement discretion." *Harrington v. Cty. of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010). "That

discretion precludes any legitimate claim of entitlement to a police investigation." *Id.* (internal quotation marks omitted).  Thus, Westry's Fourteenth Amendment claim for a failure to investigate is dismissed.

### Equal Protection

Westry appears to allege a violation of the Equal Protection clause.  He claims to be the victim of "disparate treatment" by the City of Waterbury and the police.

"While the Constitution provides individuals with no affirmative right to an investigation of their claims by the government, it does prohibit the government from treating individuals unequally when determining which claims to investigate." *Troy v. City of N.Y.*, 2014 WL 4804479, at *10 (S.D.N.Y. Sept. 25, 2014), *aff'd*, 614 Fed. App'x 32 (2d Cir. 2015) (citing *Myers v. Cnty. of Orange*, 157 F.3d 66 (2d Cir. 1998)). To plead an equal protection violation, a plaintiff must allege that

> (1) the person, compared with others similarly situated, was selectively treated; and
> (2) ... such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.

*Crowley v. Courville*, 76 F.3d 47, 52–53 (2d Cir. 1996). "Without an allegation that other persons similarly situated were treated differently, the 'equal' portion of the Equal Protection Clause becomes meaningless." *Presnick v. Town of Orange*, 152 F. Supp. 2d 215, 225 (D. Conn. 2001) (quoting *Economic Opportunity Commission of Nassau Cty. v. County of Nassau*, 106 F.Supp.2d 433, 440 (E.D.N.Y. 2000)).  Westry does not allege sufficient facts suggesting that he was treated differently than anyone who was similarly situated.  Thus, the claim is dismissed.

### Fifth Amendment

Westry alleges that Officers Rodriguez and Flaherty threatened to arrest him if he did not speak to them and cites *Miranda v. Arizona*, 384 U.S. 436 (1966).  ECF No. 11-1 ¶ 9.

The Fifth Amendment of the Constitution protects individuals from compelled self-incrimination. U.S. Const. amend. V.

Westry fails to allege a plausible claim under the Fifth Amendment because he does not allege that any statement he made was used against him. *See, e.g.*, *Chavez v. Martinez*, 538 U.S. 760, 767 (2003) (no viable § 1983 claim where petitioner was "never made to be a 'witness' against himself in violation of the Fifth Amendment's Self-Incrimination Clause because his statements were never admitted as testimony against in him a criminal case"); *Spears v. New Haven Police Dep't*, No. 3:20CV1652 (MPS), 2021 WL 3514675, at *3 (D. Conn. Aug. 10, 2021) (plaintiff failed to state a claim of a violation of his rights under the Fifth Amendment where he did not allege that he made any statements to the defendants during interview that were used against him in his subsequent criminal trial). This claim is dismissed.

### *Monell* Claims

The Plaintiff names as defendants the cities of Waterbury and Meriden.

A municipality is liable under § 1983 only if it had a "policy or custom" that caused the plaintiff's injury. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A municipality may be sued directly under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690.

Westry alleges that various police officers refused to act on his complaints and requests for assistance. This is insufficient to state a claim of municipal liability. Because Westry has not identified any formal policy, regulation, ordinance, or custom promulgated and enforced by

Waterbury and/or Meriden that caused his alleged injuries, these municipal defendants are dismissed.[3]

## IV. CONCLUSION AND ORDERS

For the foregoing reasons, the case shall proceed on Westry's individual capacity claim for damages against Officer Ahearn for unlawful entry.

All other claims and defendants are DISMISSED.[4]

Westry has **two options** as to how to proceed after this Initial Review Order:

(1) If he wishes to proceed on the remaining claim (unlawful entry against defendant Ahearn in his individual capacity), he may do so without further delay. He can just file a Notice on the docket requesting that the case proceed to service of process on this defendant. Plaintiff shall file this Notice as soon as possible, and no later than May 18, 2023. If plaintiff files this Notice, the Clerk will immediately provide plaintiff with the "service packets" to be completed, so that the process of service on the defendant (by waiver or, if necessary, by formal service) can begin.

OR, IN THE ALTERNATIVE:

(2) If plaintiff wishes to attempt to state viable claims against other police officers, the City of Waterbury and/or the City of Meriden, he may file a Third Amended Complaint on or before June 4, 2023. He must identify in the caption the names of the people he is suing. (Federal Rule of Civil Procedure 10(a) provides: "Every pleading must have a caption ... [and] [t]he title of the

---

[3] Westry sued the police officers in their individual and official capacities. However, claims against the officers in their official capacities are essentially claims against the municipality that employs them. Because Westry has not adequately alleged a *Monell* claim against the City of Meriden and/or Waterbury, his official capacity claims against the defendant police officers also must fail. *See Greene v. City of Waterbury*, No. 3:21CV1513(SALM), 2021 WL 6551101, at *3 (D. Conn. Dec. 22, 2021) (same).

[4] Westry is encouraged to consult with the Federal Pro Se Legal Assistance Attorney. Information about the Federal Pro Se Legal Assistance Program can be found at the following link: https://nhlegal.org/federalprose/.

complaint must name all the parties.") And he should set forth in the body of any amended complaint the facts showing what *each* defendant did to injure him, when the defendant acted, and any other details. Legal theories and labels are not facts. Facts tell who did what to the plaintiff and when. A Third Amended Complaint, if filed, will completely replace the Second Amended Complaint and the Court will not consider any allegations made in the earlier version. The Court will review any Third Amended Complaint after filing to determine whether it may proceed to service of process on any defendants named therein.

CHANGES OF ADDRESS: If plaintiff changes his address at any time during the litigation of this case, he MUST file a Notice of Change of Address with the Court. Failure to do so may result in the dismissal of the case. Plaintiff must give notice of a new address even if he becomes incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put a new address on a letter or filing without indicating that it is a new address.

A separate case management order will issue once counsel for defendant(s) files an appearance in this matter.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
       May 4, 2023